| | | |
|---|---|---|
| DANIEL E. RYAN III* | **RYAN RYAN DELUCA LLP** | MACIEJ A. PIATKOWSKI* |
| MICHAEL T. RYAN* | **ATTORNEYS AT LAW** | MICHAEL C. BARBARULA* |

DANIEL E. RYAN III*  
MICHAEL T. RYAN*  
ROBERT C.E. LANEY*  
ROBERT O. HICKEY*  
JAMES J. NOONAN  
JOHN F. COSTA  
JAMES A. MAHAR  
BECK S. FINEMAN  
JOHN W. CANNAVINO JR.*  
MICHAEL R. YOUNG*  
CLAIRE E. RYAN♦  
LIAM M. WEST*  
JONATHAN C. ZELLNER*  

COUNSEL  
PAMELA D. MILLER*□  

\* NOT ADMITTED IN NEW YORK  
○ ALSO ADMITTED IN MASSACHUSETTS  
♦ ALSO ADMITTED IN DISTRICT OF COLUMBIA  
Δ NOT ADMITTED IN CONNECTICUT  
□ ALSO ADMITTED IN MARYLAND  

MACIEJ A. PIATKOWSKI*  
MICHAEL C. BARBARULA*  
MEREDITH C. LANDER  
RAYMOND J. CARTA*  
IRENE J. KIM  
KURT J. YOUNG JR.*○  
KAREN L. ALLISON*  
RYAN T. DALY*  
JULIA K. STEERE*  
AMANDA C. STEFANATOS*  
VICTORIA K. WUNDER*  
AMANDA T. HEFFERNAN*□  
JENNA T. CUTLER*  
KILEIGH L. NASSAU*  

OF COUNSEL  
CHARLES A. DELUCA*  
CHARLES M. MCCAGHEY  
KEVIN M. TEPAS*  
ELIZABETH RYAN LANE  
KIERAN M. RYAN  
COLLEEN M. MAGARIANΔ

# RYAN RYAN DELUCA LLP
## ATTORNEYS AT LAW

1000 LAFAYETTE BLVD, SUITE 800

BRIDGEPORT, CT 06604

TELEPHONE: (203) 549-6650

FAX: (203) 549-6655

www.ryandelucalaw.com

**Stamford Address:**
707 Summer Street
Stamford, CT 06901
Phone: (203) 357-9200
Fax: (203) 357-7915

**New York Address:**
45 Knollwood Road, Suite 301
Elmsford, NY 10523
Phone: (888) 656-9334
Fax: (888) 656-9335

October 28, 2021

**VIA ECF**

Honorable Judge Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:     **Manoucheka Francois v. Metro-North Commuter Railroad**
        **Docket No.: 1:20-CV-04439-ALC-KHP**

Dear Judge Carter:

Pursuant to Your Honor's Individual Practices, the defendant, Metro-North Commuter Railroad Company ("Metro-North"), hereby respectfully submits this pre-motion letter in connection with Metro-North's anticipated motion for summary judgment on the grounds outlined herein.

The plaintiff, Manoucheka Francois, brings this lawsuit under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 et seq., for injuries she claims to have sustained in a motor vehicle accident at approximately 2:00 a.m. on July 8, 2017. After she completed the last passenger service "run" from Grand Central to Southeast Station, at approximately 1:15 a.m., Metro-North Crew Management hired a taxi to drive Ms. Francois back to its North White Plains facility where she had begun her shift. The taxi driver was driving a taxi owned by defendant Hudson Valley Transportation (hereinafter "HVT") and was working as either a contractor or employer for HVT.

The driver, Michael Cellante, was intoxicated, lost control of the vehicle, and spun off the road into a ditch. He was charged with Driving While Intoxicated, but later pleaded to a lesser charge of Driving While Ability Impaired by Alcohol. Metro-North had no reason to anticipate that the transportation company it hired would send an intoxicated driver, and according to her deposition testimony, there was nothing to indicate to Ms. Francois before the accident that the driver was intoxicated.

**RYAN RYAN DELUCA LLP**

October 28, 2021
Page 2

  Metro-North anticipates moving for summary judgment on the grounds that it cannot be held liable under the FELA for the intentional and/or criminal conduct of HVT or Mr. Cellante, because there is no evidence that Metro-North knew or reasonably should have known that Mr. Cellante would drive while intoxicated.  Although it is true that under the FELA, when a railroad arranges for an employee's transportation from one job site to another, the provider of transportation – here, the taxi company and driver – become the railroad's agent(s), such that the railroad may be liable for the transportation provider's negligence if it results in injury to the employee.  Cellanta's intoxication significantly changes the analysis, however, and, we believe, provides Metro-North with a legal defense.

  The caselaw clearly establishes that a railroad may be liable under the FELA for intentional or criminal actions committed by third parties only where there is evidence to establish that the railroad itself was negligent for failing to prevent a foreseeable risk. In <u>Lillie v. Thompson</u>, 332 U.S. 459 (1947), the Supreme Court held that an injured employee could recover against the railroad for injuries sustained in an attack by someone who was not an employee or agent of the railroad, if the employee could demonstrate that the railroad was aware of conditions creating a likelihood of such an attack.  <u>Id.</u> at 461-62.  The Court further held that intentional or criminal misconduct by a third party does not absolve a railroad from FELA liability if the intentional or criminal conduct itself was reasonably foreseeable and the railroad nonetheless failed to prevent against it.  <u>Id.</u>  Numerous cases in the Second Circuit have reiterated these principles.  See, e.g., <u>Hartel v. Long Island R. Co</u>., 467 F.2d 462 (2d Cir. 1973); <u>Burns v. Penn Central Co</u>., 519 F.2d 512 (2d Cir. 1975); <u>Syverson v. Consolidated Rail Corp.,</u> 19 F.3d 824 (2d Cir. 1994).

  Following <u>Lillie</u>, federal courts have recognized that a railroad carrier may be liable for negligence if it fails to prevent reasonably foreseeable dangers to an employee from intentional or criminal misconduct, either committed by unknown third parties, or the carrier's own employees.  In the frequently cited <u>Syverson</u> case, for instance, an employee was attacked by a third party in the rail yard.  The Second Circuit reversed summary judgment for the railroad, finding that the employee had submitted sufficient evidence that the railroad knew the specific area was a "known encampment for tramps, alcoholics, drug addicts and suspicious persons [and] was aware of several criminal incidents involving these persons . . . ."  <u>Syverson</u>, supra, 19 F.3d at 825, 827.  According to the Second Circuit, that was enough to create a triable fact "as to whether the railroad exercised reasonable care, given what was reasonably foreseeable, to furnish [the plaintiff] with a safe workplace."  <u>Id.</u> at 827.

  Other Circuits have applied this analysis to intentional or criminal misconduct by co-employees.  See, e.g. <u>Armstrong v. Burlington Northern R. Co</u>., 139 F.3d 1277 (1998); <u>Mullahon v. Union Pacific R.R</u>., 64 F.3d 1358 (9th Cir. 1995); <u>Linn v. Southern Pacific Transp. Co</u>., 861 F.2d 268 (6th Cir. 1988); <u>Green v. River Terminal R. Co</u>., 763 F.2d 805 (6th Cir. 1985); <u>Brooks v. Washington Terminal Co.</u>, 593 F.2d 1285 (D.C. Cir.), cert. denied, 442 U.S. 910 (1979).  Indeed, it is well established that foreseeability is a critical element of FELA liability.  Thus, although the Second Circuit has not yet directly confronted this issue, its adherence to the same

**RYAN RYAN DELUCA LLP**

October 28, 2021
Page 3

legal principles underlying the cases referenced above strongly suggests that it, too, will require <u>Lillie</u>/ <u>Syverson</u>-type foreseeability before it will hold the railroad liable for intentional or criminal misconduct by a co-employee or agent. Otherwise, the railroad essentially would be strictly liable for an unforeseeable risk, which directly contravenes the intent of the FELA and longstanding precedent.

     Accordingly, Metro-North respectfully requests a pre-motion conference in connection with its anticipated motion for summary judgment on the grounds outlined above.

                                   Very truly yours,

                                   */s/ Beck S. Fineman*

                                   Beck S. Fineman, Esq.
                                   bsfineman@ryandelucalaw.com

BSF:bsf

S:\RyanSTI0408\LIT\DOCS\path.rtf
205.542